IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

SHANE L. JONES                                                                     PLAINTIFF

vs.                            Civil No. 3:15-cv-03108

CAROLYN W. COLVIN                                           DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Shane L. Jones ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his application for a period of disability and Disability Insurance Benefits ("DIB") under Title II of the Act.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 6.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.   Background:**

Plaintiff protectively filed his DIB application on July 30, 2014. (Tr. 9). In his application, Plaintiff alleges being disabled due to a back injury, arthritis, depression, thoracic spine degenerative disk disease, joint disease, rotator cuff problems, muscle spasms daily, scoliosis, severe knee pain, and right ankle fracture. (Tr. 211). Plaintiff alleges an onset date of July 1, 2014. (Tr. 9). This application was denied initially and again upon reconsideration. (Tr. 77-108).

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ___." The transcript pages for this case are referenced by the designation "Tr."

Thereafter, Plaintiff requested an administrative hearing on his denied application. (Tr. 118-119). The ALJ granted that request and held an administrative hearing on April 23, 2015 in Harrison, Arkansas. (Tr. 23-76). At this hearing, Plaintiff was present and was represented by counsel, Frederick Spencer. *Id.* Plaintiff, Vocational Expert ("VE") Jim Spragins, and a witness for Plaintiff testified at this hearing. *Id.* At this hearing, Plaintiff testified he was currently forty (40) years old, which is defined as a "younger person" under under 20 C.F.R. § 404.1563(c) (DIB). (Tr. 29). As for his level of education, Plaintiff testified he had graduated from high school and attended two years of college. *Id.*

After this hearing, on August 17, 2015, the ALJ entered an unfavorable decision denying Plaintiff's application for DIB. (Tr. 6-18). In this decision, the ALJ found Plaintiff last met the insured status requirements of the Act through December 31, 2014. (Tr. 11, Finding 1). The ALJ found Plaintiff had not engaged in Substantial Gainful Activity ("SGA") from his alleged onset of July 1, 2014 through his date last insured or through December 31, 2014. (Tr. 11, Finding 2). The ALJ determined Plaintiff had the following "severe" impairments: osteoarthritis or degenerative disc disease of the thoracolumbar spine, obesity, osteoarthritis of the right ankle status post remote open reduction and internal fixation, degenerative joint disease, bursitis, tendinitis of the right shoulder, and major depressive disorder. (Tr. 11, Finding 3). Despite being severe, the ALJ determined these impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 11-12, Finding 4).

The ALJ then considered Plaintiff's Residual Functional Capacity ("RFC"). (Tr. 13-16, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and found his claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the RFC

to perform the following:

> After careful consideration of the entire record, the undersigned finds that, through the date last insured, the claimant had the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except he could occasionally climb ramps and stairs, he could never climb ladders, ropes, or scaffolds, he could occasionally balance, stoop, kneel, crouch, and crawl; he had to avoid concentrated exposure to hazards including no driving as a part of work; and he was able to perform work where interpersonal contact is incidental to work performed, there is no contact with the general public, the complexity of tasks is learned and performed by rote, with few variables and little use of judgment, and the supervision required is simple, direct and concrete.

*Id.*

The ALJ then evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 16, Finding 6). Considering his RFC, the ALJ determined Plaintiff could not perform any of his PRW. *Id.* The ALJ also determined whether Plaintiff retained the capacity to perform other work existing is significant numbers in the national economy. (Tr. 16-17, Finding 10). The VE testified at the administrative hearing regarding this issue. *Id.*

Based upon that testimony, the ALJ determined Plaintiff retained the capacity to perform the following light occupations: (1) price marker with 319,000 such jobs nationally; (2) plastic molding machine tender with 168,000 such jobs nationally; and (3) routing clerk with 51,000 such jobs nationally. *Id.* The ALJ also determined Plaintiff retained the capacity to perform the following sedentary occupations: (1) small products assembler with 23,000 such jobs nationally; and (2) document preparer with 21,000 such jobs nationally. *Id.* Because Plaintiff retained the capacity to perform this work, the ALJ also determined Plaintiff had not been under a disability, as defined by the Act, from Plaintiff's alleged onset date of July 1, 2014 through the date of the ALJ's decision or through December 31, 2014, Plaintiff's date last insured. (Tr. 17, Finding 11).

Thereafter, Plaintiff requested a review by the Appeals Council. (Tr. 5). On September 18, 2015, the Appeals Council denied this request. (Tr. 1-3). On October 30, 2015, Plaintiff filed the present appeal with this Court. ECF No. 1. The Parties consented to the jurisdiction of this Court on October 30, 2015. ECF No. 6. This case is now ripe for determination.

**2.     Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001).

As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines

a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.     Discussion:**

In his appeal brief, Plaintiff raises two arguments for reversal: (1) the ALJ improperly evaluated his allegations of pain; and (2) the ALJ improperly evaluated his medical records. ECF No. 9 at 9-17. Upon review of these claims, the Court agrees with Plaintiff's first argument and

finds the ALJ improperly evaluated his subjective complaints. Accordingly, the Court will only address this argument for reversal.

In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[2] *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322.

The factors must be analyzed and considered in light of the claimant's subjective complaints of pain. *See id.* The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

---

[2] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the ALJ did not properly consider Plaintiff's subjective complaints. Instead of complying with *Polaski* and considering the *Polaski* factors, the ALJ focused almost entirely on whether Plaintiff's subjective complaints were supported by his medical records. (Tr. 13-16). Regarding Plaintiff's subjective complaints, the ALJ stated the following:

> After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible for the reasons explained in this decision.

(Tr. 15). The ALJ also noted the following: "the objective medical findings that are present are not consistent with the disabling level of pain alleged by the claimant." (Tr. 15).

Indeed, the only *Polaski* factor the ALJ considered was Plaintiff's activities of daily living which he noted included the following: "preparing meals, doing laundry, cleaning, walking, driving a car, shopping in stores, handling money, watching television, fishing, reading, playing with his children, and spending time with others." *Id.* While even these activities certainly could not be characterized as "extensive," they are also a mischaracterization of Plaintiff's statements. Upon

7

review of Plaintiff's disability function report, he reported being able to do this work on a limited basis, with the help of his girlfriend and her kids, and at a much slower pace. (Tr. 229-236). Thus, standing alone, this factor does not supply a basis for discounting Plaintiff's subjective complaints.

Because the ALJ discounted Plaintiff's subjective complaints without a sufficient basis, this case must be reversed and remanded. *See Polaski,* 739 F.2d at 1322 (holding a claimant's subjective complaints cannot be discounted "solely because the objective medical evidence does not fully support them [the subjective complaints]").

**4.    Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded.[3]  A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 8th day of February 2017.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
U. S. MAGISTRATE JUDGE

---

[3] This remand is ordered solely for the purpose of permitting the ALJ the opportunity to comply with the requirements of *Polaski*. No part of this remand should be interpreted as an instruction that disability benefits be awarded. Upon remand, the ALJ should further evaluate the evidence and make a disability determination, subject to this Court's later review.